## Case No. 287.

### The AMERICA.

[1 Gall. 230.][1]

Circuit Court, D. Massachusetts. Oct. Term, 1812.

#### PRIZE—CARRYING FOREIGN GOODS WITHOUT MANIFEST.

If a coasting vessel arrive from one district at another district in the same state, having on board foreign goods exceeding $800 in value, without being provided with, or exhibiting a manifest of such cargo, it is not an offence for which the vessel is forfeited under the coasting act of the 18th February, 1793, c. 8.

[On appeal from the district court of the United States for the district of Massachusetts.]

In admiralty. This was an information claiming the schooner America, as forfeited, 1st. because certain goods, to wit, 120 tons of plaister of paris, were imported in said vessel into the United States from some port in Nova Scotia, and being of more than $400 in value, were unladen in the night time without a permit, contrary to the collection act of 2 March, 1799, c. 128; 2d. because the same goods were, at some port of Nova Scotia, laden and put on board of said schooner, with the knowledge of the owner and master, with intention to import the same into the United States, contrary to

[1][Reported by John Gallison, Esq.]

the act of March 1, 1809, c. 91; 3d. because the said vessel, being a vessel duly enrolled and licensed for the coasting trade, and having on board foreign merchandize of a value exceeding $800, did arrive at the port and district of Boston from the district of Penobscot, without being provided with, or exhibiting a manifest of the cargo then on board of said vessel, or any manifest including said plaister, contrary to the coasting act 18 February, 1793, c. 8.

G. Blake, Dist. Atty., for the United States, in support of the first count, cited sections 27 and 28 of the act regulating the collection of duties; the first of which provides, that any foreign goods brought in from a foreign port, and unladen without a permit, unless in case of accident or distress, shall be forfeited; and the last, that the vessel which receives them shall also be forfeited. He also relied on the 50th section, providing that no goods brought from any foreign port or place shall be unladen but between sunrise and sunset, without a permit or license; and if so unladen, to be forfeited. And if the value at the highest market price be $400, then the vessel, &c. are to be forfeited. He contended that no distinction was here made, as to goods not liable to duties. In support of the second count, he referred to the 4th, 5th, and 6th sections of the non-intercourse act 1 March, 1809. In support of the third count, he relied on the 46th and 50th sections of the coasting act, requiring the exhibition of a manifest.

W. B. Bannister, for claimant, contended as to the first count, 1st. that no goods, but such as were liable to duties, were intended by the act. The plaister, which composed this vessel's cargo, was not liable to duties. He referred to the act regulating the collection of duties, and also to the 4th and 51st sections of the coasting act; 2dly, that the facts must show it to be imported from a foreign port in the same vessel, unladen in the night time, and of more than $400 in value. Without the papers, the evidence proves nothing of the quantity, nor whence it came. It only shows circumstances of suspicion. If the papers are resorted to, they must be taken for what they purport to be. They prove the schooner a coasting vessel, regularly enrolled, and the cargo cleared from Eastport. So also the depositions. The same facts form an answer to the second count. As to the third count, he contended that coasting vessels were not obliged to enter, or exhibit a manifest, unless required, and that the requisition was complied with in this case.

STORY, Circuit Justice.—To maintain the first count, it must be shown that the plaister was brought from a foreign port, but the whole evidence in the case shows that it was brought from a port within the district of Penobscot. To maintain the sec-

ond count, it must, according to its allegations, be shown that the lading was at a port in Nova Scotia; and for the reason which I have already stated, this count also cannot be supported. I do not find that the third count alleges any offence, for the commission of which a forfeiture of the schooner would have been incurred. It is apparently founded on the 15th section of the coasting act, which certainly will not support it; and no other section of that or any other statute has been shown to the court, which countenances the forfeiture. I must, therefore pronounce also that the United States can take nothing by this count in the information.

Whether the facts in the case would have supported a prosecution for a forfeiture under other provisions of our statutes, it is not now necessary to consider. But I must say, that there have been great irregularities in the conduct of this vessel, which have not left her without heavy suspicions. I affirm the decree of the district court, but shall certify reasonable cause of seizure. Restored.